UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CREWS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | No. 15-1271-JDT-jay |
| VS. ) | Crim. No. 05-10056-01-JDT |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Michael Crews. For the reasons stated below, the Court DENIES the § 2255 motion.

On July 18, 2005, a federal grand jury returned an indictment charging Crews in count one with possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). Count three of the indictment charged Crews and two co-defendants with knowingly receiving and possessing stolen firearms, in violation of §§ 922(j) and 924(a)(2).[1] Crews entered a guilty plea to counts one and three on October 3, 2005. At

---

[1] Count two charged one of Crews's co-defendants with a violation of § 922(g).

the sentencing hearing on January 5, 2006, the Court determined that Crews qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 180-month term of imprisonment and a four-year term of supervised release.[2] The sentence was affirmed on direct appeal. *United States v. Crews*, No. 06-5133 (6th Cir. Mar. 13, 2008).

Crews subsequently filed the present motion pursuant to 28 U.S.C. § 2255, contending that his sentence is invalid under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) The Bureau of Prisons Inmate Locator[3] shows that Crews was released from prison on July 3, 2018; therefore, he currently is serving his supervised release.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

---

[2] Crews was sentenced to a 180-month term of imprisonment on count one and a concurrent term of 120 months on count three, for an effective sentence of 180 months.

[3] *See* https://bop.gov/inmateloc/.

2

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

. . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

. . . .

The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson v. United States*,

the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Therefore, Crews's § 2255 motion based on *Johnson* is timely filed under 28 U.S.C. § 2255(f)(3).

The Presentence Report (PSR) prepared by the Probation Office in this case shows that Crews has two prior Tennessee convictions for aggravated burglary. It previously was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Sawyers*, 409 F.3d 732 (2005). However, the Sixth Circuit later held, in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc), that Tennessee aggravated burglary was broader than generic burglary and no longer counted as a categorical violent felony under the ACCA. *Id.* at 862. The Supreme Court granted certiorari and reversed, holding that Tennessee aggravated burglary is an ACCA predicate. *United States v. Stitt*, 139 S. Ct. 399, 406-08 (2018). Therefore, Crews's prior aggravated burglary convictions properly were counted as categorical felonies under the ACCA.

Crews also has a prior conviction for felonious escape under Tenn. Code Ann. § 39-16-605. Because the escape conviction qualified as an ACCA predicate only under the residual clause, it may no longer be counted after the decision in *Johnson*. However, according to the PSR, Crews also has three prior Tennessee burglary convictions from 1993. The PSR describes those burglary convictions as involving unlawful entry into

buildings to commit theft. (PSR ¶ 37); *see* Tenn. Code Ann. § 39-14-402(a)(1)-(3). Tennessee Code Annotated § 39-14-402(c) provides that "[b]urglary under subdivision (a)(1), (2), or (3) is a Class D felony." The Sixth Circuit has held that all Class D burglaries under § 39-14-402(a) are generic burglaries under the categorical approach. *United States v. Priddy*, 808 F.3d 683, 684-85 (6th Cir. 2015). Crews does not argue in his § 2255 motion that these three prior burglary convictions would not qualify as ACCA predicates even after *Johnson*.

The Court concludes that Crews was properly sentenced under the ACCA and that he is not entitled to relief based on the decision in *Johnson*.

Furthermore, Crews now has been released from prison. A § 2255 movant who is serving a term of supervised release still satisfies the statute's "in custody" requirement. *See United States v. Sferrazza*, 645 F. App'x 399, 404-05 (6th Cir. 2016); *see also Hampton v. United States*, 191 F.3d 695, 697 (6th Cir. 1999) (§ 2255 motion filed while the movant was in custody does not necessarily become moot if the sentence fully expires while the § 2255 proceeding is pending). However, Crews challenges only his term of imprisonment and not his conviction itself. Therefore, unless he can show some continuing adverse consequence from the completed sentence, no meaningful relief can be granted to him and there is no live case or controversy under Article III to be adjudicated. *See United States v. Perotti*, 702 F. App'x 322, 323-24 (6th Cir. 2017) (released movant who challenged only the length of his custodial sentence appealed ruling on § 2255 motion; Court of Appeals held the appeal of the § 2255 motion was moot because movant could point to no continuing adverse consequences from the completed part of his sentence); *see also Lane*

*v. Williams*, 455 U.S. 624, 630-31 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). In this case, Crews has not attempted to show that there are any continuing adverse consequences from his completed sentence. For that reason also, he not entitled to relief.

For the foregoing reasons, the Court concludes that Crews is not entitled to relief in this § 2255 proceeding. Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Crews would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Crews chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE